# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERROL M. PRATHER,
   Appellant,

  v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
DC-0752-14-0327-I-1

DATE: August 15, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

Deano C. Ware, Redford, Michigan, for the appellant.

Keith Bracey, Esquire, Headquarters, U.S. Army, Europe, APO/AE, for the
 agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2     The appellant was appointed to a position overseas as an Installation Food Advisor in June 2005 for a term not to exceed March 2007.  Initial Appeal File (IAF), Tab 5 at 18.  His term was extended until September 2008.  *Id*. at 20-21.  In September 2008, the appellant was appointed to the position of Supervisory Food Service Operations Specialist.  *Id*. at 22.  The appellant's tour in this position was extended in April 2012 and would expire in June 2013.  *Id*. at 37-38.  However, as the appellant had registered for the Priority Placement Program (PPP) in March 2013, the agency extended his term as long as he remained enrolled in the program.  *Id*. at 23-35, 109-11.  In October 2013, the agency proposed the appellant's removal based on the expiration of his tour, ineligibility to remain in the PPP, and failure to abide by the terms of his rotation agreement.  *Id*. at 116-18.  After the appellant had an opportunity to respond to the proposal, the agency issued a decision removing the appellant, effective December 20, 2013.  *Id*. at 137-42.

¶3     In his appeal, the appellant argued substantive issues related to his removal.  IAF, Tab 1 at 4.  He requested a hearing.  *Id.* at 2.  On motion to dismiss for lack of jurisdiction, the agency argued that although the appellant was a chapter 75 employee, he was serving under a term appointment, the expiration of which is not appealable to the Board.  IAF, Tab 5 at 12, 14.  The agency also argued that the appellant's enrollment in the PPP did not give him additional rights to appeal his removal.  *Id*.  In response to an order from the administrative judge, the appellant argued that his removal was appealable to the Board because, when he became a Supervisory Food Service Operations Specialist in September 2008, he became a career appointee with a 1-year probationary period, which he completed in September 2009.  IAF, Tab 8 at 4.  The administrative judge dismissed the appeal, finding that the appellant had failed to make a nonfrivolous allegation of jurisdiction entitling him to a hearing.  IAF, Tab 10, Initial Decision (ID).  She found that the appellant was serving a term appointment and that neither the

expiration of his term nor the failure to place the appellant in a position through the PPP was appealable to the Board. ID at 4-6.

¶4        On petition for review, the appellant argues, inter alia, that the administrative judge erred in finding that he was serving under a term appointment. The appellant further argues that he was a permanent employee and that he did not knowingly consent to the loss of his Board appeal rights upon enrollment in the PPP. Petition for Review (PFR) File, Tab 1 at 6-8. In response, the agency contends, inter alia, that, although the appellant's Standard Form (SF) 50 indicates that he was a permanent employee, the factual record as a whole, including the appellant's September 2008 rotation agreement, indicates that he was serving a time-limited appointment, the termination of which is not appealable to the Board. PFR File, Tab 3 at 7-8.

¶5        An appellant is entitled to a jurisdictional hearing if he raises nonfrivolous allegations of Board jurisdiction over his appeal. *Levy v. Department of Labor*, 118 M.S.P.R. 619, ¶ 5 (2012). In determining whether the appellant has made nonfrivolous allegations of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 6 (2013).

¶6        The agency conceded that the appellant was an employee as defined under 5 U.S.C. § 7511 at the time of his removal. PFR File, Tab 3 at 8. However, the expiration of a term appointment is not an adverse action appealable to the Board. *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 9 (2010). The exact date of an appointment's expiration need not be predetermined in order for the expiration of the appointment to be outside of the

Board's adverse action jurisdiction. *Endermuhle v. Department of the Treasury*, 89 M.S.P.R. 495, ¶ 9 (2001). The Board looks to the totality of the circumstances to determine the nature of an employee's appointment; an employee's SF-50, although the customary document used to memorialize a personnel action, is not controlling. *Scott*, 113 M.S.P.R. 434, ¶ 8.

¶7        The administrative judge found, based upon the totality of the circumstances, that the appellant received a term appointment, the expiration of which was not appealable to the Board. ID at 4-6. In rendering her decision, the administrative judge considered that, although the appellant's SF-50s may have indicated otherwise, the appellant's specific employment agreement showed that he was appointed to a 2-year term beginning in September 2008, which was subsequently extended until June 2013. ID at 2.

¶8        In dismissing the appeal, the administrative judge relied upon the Board's decision in *Scott*. ID at 5. The appellant in *Scott* entered into an initial agreement providing that he was a new appointee and that his "prescribed tour of duty" was 36 months, after which he would be eligible for return travel and transportation "for purpose of separation from the service." *Scott*, 113 M.S.P.R. 434, ¶ 6. Another agreement limited any extension to employee and management approval. *Id*. However, the SF-50 documenting the appellant's appointment in that case indicated that he was receiving a career-conditional appointment. *Id*., ¶ 8. Despite contrary evidence in the SF-50, the Board found that the "totality of the circumstances" showed that the appellant had been appointed to a 3-year term and separated at the expiration of that term, and it therefore dismissed the appeal for lack of jurisdiction. *Id.*, ¶¶ 8-9.

¶9        While there are clear similarities between the present case and *Scott*, we find that *Scott* is distinguishable. Like in *Scott*, the appellant in the present case entered into an agreement with the agency providing for a time-limited appointment subject to extension, IAF, Tab 5 at 36, but the agency issued a SF-50 indicating that the appellant was receiving a career-conditional appointment, IAF,

Tab 8 at 16. Unlike in *Scott*, however, there is evidence other than a single SF-50 to support the appellant's claim that he received a career-conditional, rather than a term, appointment. Specifically, the appellant and an agency Human Resources Assistant engaged in an e-mail exchange around the time of his appointment. IAF, Tab 8 at 19-24. The appellant was sent an offer "as VEOA[2] eligible to the permanent, full-time Supv Food Service Operations, YC-0301-02 position," and was e-mailed a rotation agreement "based on your conversion to Career appointment" with an initial tour of 24 months. *Id.* at 21-22. The appellant was asked at that point if he had held a permanent career-conditional or career position before and he replied that he had not held such a position before. *Id.* at 19.[3]

¶10     We therefore find that the appellant has made nonfrivolous allegations that he was not serving in a term position after September 2008 and that his December 2013 removal was an appealable adverse action.[4] PFR File, Tab 1 at 6-8. This finding is based upon the totality of the circumstances, including the September 2008 e-mail exchange, the SF-50 indicating that the appellant was receiving a career appointment, and the appellant's statements. Consequently, the appellant is entitled to a jurisdictional hearing on his claim that his removal is an adverse action appealable to the Board under chapter 75. *See Levy*, 118 M.S.P.R. 619, ¶ 5.

---

[2] Veterans' Employment Opportunities Act.

[3] Also, the administrative judge in *Scott* had already held a hearing, 113 M.S.P.R. 434, ¶ 3, and therefore the Board did not need to determine in that case whether the appellant had made nonfrivolous allegations of jurisdiction entitling him to a hearing.

[4] The appellant's removal from the PPP is not an independent basis for Board jurisdiction. *See Scott*, 113 M.S.P.R. 434, ¶ 10 (failure to be placed in the PPP is not an appealable adverse action).

**ORDER**

Accordingly, we VACATE the initial decision and REMAND the appeal to the administrative judge for further adjudication, including a jurisdictional hearing, regarding the nature of the appellant's appointment and termination.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.